

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. PD-0556-20**

---

**PHI VAN DO, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY**

---

RICHARDSON, J., filed a concurring opinion, in which HERVEY and NEWELL, JJ., joined.

## CONCURRING OPINION

I join this Court's majority opinion but write to point out the obvious – even in light of the thousands of DWI arrests annually in this State (in some years almost a million), to date we have yet to definitively state whether the .15 allegation in a DWI is an enhancement or an element of the offense. Sometimes, as in this case, the lawyers agree on it, but ultimately their agreement is not binding on the rest of the state bar.

Lawyers must come away from reading the variety of majority, concurring, and dissenting opinions and wonder why the Court doesn't just say whether it is an element or an enhancement. Perhaps it is time we rip the band aid off and just say it. Doing so would save us the trouble of repeatedly analyzing these cases under a variety of complicated legal theories. It would also provide clarity to trial judges, defense lawyers, and prosecutors. Such a decision would resolve the following dilemmas: (1) when and how a party should object; (2) whether the prosecution should refrain from mentioning anything about a BAC in excess of .15; (3) whether the prosecution should wait until the punishment phase because they think .15 is an enhancement; (4) whether defense attorneys – thinking it's an element – should remain silent in the face of the State's failure to prove a critical element of their case; and (5) whether defense attorneys, to their clients' detriment, should remind the trial court and the State that perhaps they should include that in their case-in-chief. All of these issues facing the State and the defense bar could be resolved by simply just saying whether the BAC .15 is an element or an enhancement. Yet here we are. As such, I join this Court's majority opinion.

FILED:       SEPTEMBER 29, 2021

PUBLISH